**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN THE MATTER OF:**

    **KINSLEY F. NYCE,**
    **Ohio Atty. Reg. No. 0003547,**
    **RESPONDENT**                    **Case No.: 2:18-MC-017**
                                                        **CHIEF JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

On January 3, 2018, the Supreme Court of Ohio decided *Columbus Bar Association v. Nyce*, No. 2017-1078, 2018 WL 321684 (Ohio 2018), in which it ordered Respondent Kinsley F. Nyce to be permanently disbarred from the practice of law in Ohio. In accordance with Rule II of the Model Federal Rules of Disciplinary Enforcement, adopted by this Court on February 1, 1979, this Court issued an Order requiring Respondent to show cause why the Court should not impose the identical discipline imposed by the Supreme Court of Ohio. Respondent filed a response to this Court's Order to Show Cause on March 5, 2018. (ECF No. 3.) For the reasons that follow, this Court likewise disbars Respondent from the practice of law in this Court.

**I.**

Respondent, Kinsley Frampton Nyce, of Columbus, Ohio, Attorney Registration No. 0003547, was admitted to the practice of law in Ohio in 1982. In a May 18, 2016 amended complaint, relator, Columbus Bar Association, alleged that Mr. Nyce had failed to notify his clients in writing that he does not maintain professional-liability insurance, had failed to maintain his clients' signed acknowledgements that they had received that notice, had not maintained required records documenting the funds held in his client trust account, had commingled

personal and client funds, and had made false statements of material fact in connection with the ensuing disciplinary investigation.

Following a two-day hearing, a panel of the Board of Professional Conduct found that Mr. Nyce had committed all but one of the alleged violations and that he had actively sought to conceal evidence of his misconduct, repeatedly given false and evasive testimony, and actively sought to subvert the disciplinary process. Given the extent of Mr. Nyce's efforts to frustrate and degrade the disciplinary system, the panel and board recommended that he be permanently disbarred.

Mr. Nyce objected to the Ohio Supreme Court, arguing that there is insufficient evidence to support the board's findings of fact and misconduct and, therefore, that no sanction was warranted. The Ohio Supreme Court overruled Mr. Nyce's objections, adopted the board's findings of fact and misconduct, and permanently disbarred Nyce from the practice of law in Ohio.

## II.

Rule II of the Model Federal Rules of Disciplinary Enforcement ("Rule II") provides for the imposition of reciprocal discipline against a member of the Bar of this Court when discipline has been imposed by another court. Rule II(D) provides:

> [T]his Court shall impose the identical discipline unless the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears:
>
> 1. That the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> 2. That there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or

2

3. That the imposition of the same discipline by this Court would result in grave injustice; or

4. That the misconduct established is deemed by this Court to warrant substantially different discipline.

Rule II(D)(1) to (4).[1]

"Though this Court is not empowered to directly review challenges to state disciplinary proceedings (even if constitutional infirmities are alleged), the Court must examine alleged defects in the state proceedings when deciding whether it will impose reciprocal discipline under Rule II." *In re Squire*, No. 1:11-MC-053-GLF, 2012 WL 995300, at *4 (S.D. Ohio Mar. 22, 2012) (citing *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009)). "[F]ederal courts may give considerable weight to the findings and conclusion of the state courts in such disciplinary matters, but it is ultimately the responsibility of the federal courts to determine whether a member of the federal bar is fit to practice in federal court." *In re Cook*, 551 F.3d at 550.

### III.

Mr. Nyce moves this Court to stay imposing the identical discipline imposed by the Supreme Court of Ohio. Mr. Nyce appears to believe that if this Court were to wait for the conclusion until certain civil actions pending in Vermont, the Ohio Supreme Court may "vacate and or amend its Order, decision, regarding Nyce." (Brief at 7.)

The Court concludes that the submission filed by Mr. Nyce provides no sufficient reason for this Court to grant him the stay he requests. Reviewing carefully the record before it, the Court finds "that upon the face of the record upon which the discipline in [the Ohio courts] is predicated it" does not "clearly appear" that the procedure was so lacking in notice or

---

[1] The Model Rules of Disciplinary Enforcement, adopted by this Court in 1979, are publicly available as an appendix to the Court's Local Civil and Criminal Rules. *See* http://www.ohsd.uscourts.gov/localrules.htm.

opportunity to be heard as to constitute a deprivation of due process; or that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or that the imposition of the same discipline by this Court would result in grave injustice; or that the misconduct established warrants substantially different discipline.

## IV.

In light of the foregoing, **IT IS THEREFORE ORDERED** that Respondent be disbarred from the practice of law in this Court. Respondent Nyce is hereby **ORDERED** to cease and desist from the practice of law in any form and is forbidden to appear on behalf of another before this Court.

**IT IS FURTHER ORDERED** that Respondent is forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform services of any kind for others that would constitute the practice of law in this Court. Respondent is also forbidden to hold himself out to another or to the public as being authorized to perform legal services, and he is hereby divested of all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the Bar of this Court.

**IT IS FURTHER ORDERED** that Respondent surrender his certificate of admission to practice in this Court to the Clerk of Court forthwith and that Respondent's name be stricken from the roll of attorneys maintained by this Court.

**IT IS FURTHER ORDERED** that within 30 days from the date of filing of this Order, Respondent shall:

1. Notify all clients being represented in pending matters in this Court and any co-counsel of his suspension and his consequent disqualification to act as an attorney as of the

4

effective date of this Order, and, in the absence of co-counsel, also notify clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due Respondent, deliver to all clients being represented in pending matters in this Court any papers or other property pertaining to the clients, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Regarding any actions pending in this Court, refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in Respondent's possession or control;

4. Notify opposing counsel in pending litigation in this Court or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney as of the effective date of this Order;

5. Transmit by certified mail all notices required by this Order, with all notices containing a return address where communications may be directed to Respondent;

6. File with the Clerk of this Court an affidavit showing compliance with this Order and Proof of Service of Notices required herein, with such affidavit setting forth the address where Respondent may receive communications;

7. Keep the Clerk of this Court advised of any change of Respondent's address; and

8. Retain and maintain a record of the various steps taken by Respondent pursuant to this Order.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall publish this Order to this Court's official website and issue certified copies of this Order to the Disciplinary Counsel of the Supreme Court of Ohio, to the Clerks of the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit, to its Divisional Offices, and to the National Discipline Data Bank.

3-12-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF JUDGE UNITED STATES DISTRICT COURT